FILED
JUN 18 '0
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jeffrey Dean Hess, )
 )
    Petitioner, )
 )
 )   Civil Action No. **08 1036**
v. )
 )
Alberto Gonzales, Esq., *et al.*, )
 )
    Respondents. )

### MEMORANDUM OPINION

This matter is before the Court on petitioner's application for a writ of *habeas corpus* and his application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Petitioner challenges his conviction entered by the United States District Court for the Eastern District of Texas following a plea of guilty. He claims that the sentencing court lacked jurisdiction over the criminal proceedings and that he was denied the effective assistance of counsel. Such claims must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

An individual may be excused from pursuing relief under § 2255 only when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255. Petitioner claims that the remedy is ineffective because "[t]he Legislative-Territorial Court wherein the issue now complained arose [] lacks the Constitutional authority to entertain and to adjudicate the issue[s] . . . ." Application for Writ of Habeas Corpus at 3. This argument is baseless. *See Rogers v. United States District Court for the Northern District of Tex., Dallas Division*, No. 06-5214, 2006 WL 3498294 (D.C. Cir., Nov. 13, 2006) ("The district court correctly concluded that appellant's complaint is frivolous. . . . Contrary to appellant's assertions, the United States District Court for the Northern District of Texas is an Article III court.").

Lacking jurisdiction to entertain the habeas petition, the Court will dismiss the case by separate Order issued contemporaneously with this Memorandum Opinion.

/s/ Ricardo M. Urbina
United States District Judge

Date: June 16, 2008